**Richard James BRADFORD, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00349–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 26, 2007.

---

David Alan Disher, La Marque, for Appellant.

Jessica Akins McDonald,. Houston, for State.

Panel consists of Chief Justice HEDGES and Justices FOWLER and EDELMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

Richard James Bradford appeals a conviction for driving while intoxicated[1] on the ground that he was denied the right to a unanimous jury verdict by the trial court's failure to instruct the jury that a unanimous jury verdict was required on whether he was intoxicated by not having the normal use of his mental faculties or his physical faculties. We affirm.

■ In reviewing alleged jury charge error, we first determine whether error exists in the charge, and if so, whether

sufficient harm resulted from the error to warrant reversal. *Druery v. State,* 225 S.W.3d 491, 504 (Tex.Crim.App.2007). The degree of harm necessary for reversal depends on whether the error was preserved. *Id.* Where no objection is made to the charge, the conviction will not be reversed unless the record shows "egregious harm" to the defendant. *Id.* Egregious harm is that which affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id.*

■ Jury unanimity is required on: (1) each element of the offense; and (2) which distinct criminal act(s) the defendant committed when more than one is alleged to obtain a single conviction. *See Stuhler v. State,* 218 S.W.3d 706, 716–19 (Tex. Crim.App.2007); *Ngo v. State,* 175 S.W.3d 738, 744 (Tex.Crim.App.2005). Unanimity is generally not required among alternate theories of proof when the statute in question establishes different modes or means by which the offense may be committed or proven. *See Jefferson v. State,* 189 S.W.3d 305, 311 (Tex.Crim.App.2006), *cert. denied,* — U.S. —, 127 S.Ct. 386, 166 L.Ed.2d 276 (2006).[2]

■ For the offense of driving while intoxicated, as relevant to this appeal, "intoxicated" is defined as either: (1) not having the normal use of mental or physical faculties by reason of the introduction of alcohol ... into the body [impairment theory], or (2) having an alcohol concentra-

---

1. A jury found appellant guilty, and the trial court assessed punishment at 180 days confinement, probated for one year.

2. *See also White v. State,* 208 S.W.3d 467, 469 (Tex.Crim.App.2006) (holding that unanimity was not required on which felony the defendant committed in a felony-murder charge because the specific felonies are not elements of the crime); *Martinez v. State,* 129 S.W.3d 101, 103 (Tex.Crim.App.2004) (holding that

unanimity was not required on alternative theories of capital murder, committed either in the course of committing robbery or aggravated sexual assault); *Francis v. State,* 36 S.W.3d 121, 124–25 (Tex.Crim.App.2000) (holding that unanimity was required when two separate offenses were submitted to the jury in the disjunctive, indecency with a child by breast-touching or indecency with a child by genital-touching, each occurring in separate incidents).

tion of 0.08 or more [per se theory]. *See* Tex. Penal Code Ann. § 49.01(2)(A), (B) (Vernon 2003); *Stewart v. State*, 129 S.W.3d 93, 97 (Tex.Crim.App.2004); *Price v. State*, 59 S.W.3d 297, 301 (Tex.App.-Fort Worth 2001, pet. ref'd). The two theories of intoxication, per se and impairment, are not distinct offenses, distinct elements of the offense, or even alternative means of committing the offense, but are instead alternative means by which the State may *prove* intoxication. *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex.Crim.App.2003); *See* Tex. Penal Code Ann. § 49.01. Therefore, jury unanimity on one or the other theory, impairment or per se, is not required for the State to prove intoxication. *See Price*, 59 S.W.3d at 303.

In this case, the trial judge instructed the jury:

> [I]f you believe ... that the defendant ... did then and there unlawfully *while intoxicated, namely, not having the normal use of his mental or physical faculties* by the reason of the introduction of alcohol into his body, drive or operate a motor vehicle in a public place, you will find the defendant 'Guilty' as charged in the Information.

(emphasis added). Appellant contends that jury unanimity was required concerning whether he had lost the normal use of his physical faculties or his mental faculties because, in the context of a single offense, unanimity is required concerning which criminal act was committed. Appellant further contends that different acts are required to show a loss of physical faculties than to show loss of mental faculties.

Appellant relies on *Ngo* to support his contention. *See Ngo*, 175 S.W.3d 738. In *Ngo*, the Court held that when the State seeks a single conviction based on different criminal acts, each of which could have instead been charged as a separate offense, and regardless whether those acts constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of the same criminal act.[3] *Id.* at 744.

Conversely, in *Jefferson*, the State sought a conviction for injury to a child based on evidence that during a single incident, appellant committed three different acts that the applicable statute defined as alternative means of committing a single criminal offense, and not as three separate criminal offenses. *See Jefferson*, 189 S.W.3d at 313. The Court held that the three alleged acts were not elements of the injury to a child offense about which a jury must be unanimous. *Id.* at 312. The *Jefferson* decision is different from the holding in *Ngo* because the applicable statute in *Ngo* defined the different acts involved as separate criminal offenses, while the statute in *Jefferson* defined the different acts involved as alternative means of committing a single criminal offense. *Id.* at 313. Such a distinction exists because the legislature designates that certain crimes, such as injury to a child, are capable of being committed in multiple ways. *See id.* at 311–12.

Unlike in *Ngo*, where the defendant was alleged to have committed distinct criminal acts on different days, appellant was charged in this case with one instance of committing one criminal act or offense, driving while intoxicated. *See Bagheri*, 119 S.W.3d at 762. Intoxication, an element of that offense, can be demon-

---

**3.** In that case, for example, the appellant was charged with committing credit card abuse by: (1) stealing a credit card; (2) receiving a stolen credit card with the intent to use it; and (3) presenting a credit card to obtain a benefit fraudulently. *Ngo*, 175 S.W.3d at 744–45.

strated through either the impairment theory or the per se theory. *Stewart*, 129 S.W.3d at 97. The impairment theory, in turn, requires proof of not having the normal use of mental or physical faculties. *Id.* Because there was only a single criminal act of driving while intoxicated alleged in this case, there were no separate criminal acts on which the jurors could disagree to produce a lack of unanimity. Similarly, because the per se and impairment theories are not themselves separate elements of a DWI offense on which unanimity is required, the loss of physical verses mental ability, as a component of the impairment theory, is also not a separate element of the offense. Lastly, appellant has cited no authority even suggesting that physical impairment from intoxication could be clearly enough distinguished from mental impairment from intoxication that jurors could somehow choose between them.

Because appellant's issue thus fails to demonstrate that jury unanimity is required on DWI as between the loss of mental and physical faculties, it is overruled, and the judgment of the trial court is affirmed.