Affirmed and Opinion filed February 11, 2010. 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01084-CR

___________________

 

Jennifer Linda Zamora, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the County Court at Law No. 8

Harris County,
Texas



Trial Court Cause No. 1501564

 



 

 

O P I N I O N

 

            A jury found appellant, Jennifer
Linda Zamora, guilty of driving while intoxicated.  See Tex. Penal Code
Ann. § 49.04 (Vernon 2009).  The trial court assessed punishment at six days’
confinement in the Harris County Jail and imposed a fine of $600.00.  Appellant
raises two issues on appeal: (1) the trial court erred by overruling her
objection to the jury charge, and (2) the trial court erred by admitting a
DIC-24 Statutory Warning Form into evidence.  Finding no error, we affirm.

Factual and Procedural Background

            At approximately 3 a.m. on January 9, 2008,
Houston Police Department Officer Tony Tomeo witnessed a vehicle driving in two
lanes of a three lane roadway.  Officer Tomeo testified that the vehicle ran
three red lights and was traveling at least twenty miles per hour over the
stated speed limit.  Officer Tomeo turned on his emergency lights in an attempt
to pull the vehicle over.  After the officer pursued the vehicle for three
blocks, the vehicle pulled over.  Officer Tomeo immediately noticed a strong
odor of alcohol emanating from the driver’s breath.  Officer Tomeo also noticed
the driver, appellant, had bloodshot eyes, slurred speech, and difficulty with
her balance.  Appellant told Officer Tomeo that she had consumed three beers
between 10 p.m. and 2 a.m.  Officer Tomeo performed field sobriety tests and
came to the conclusion that appellant was intoxicated.  Officer Tomeo arrested
appellant for driving while intoxicated.  Appellant was transported to the
police station, and her car was towed.  

            At the police station, Houston Police Department
Officer Donald Egdorf offered appellant a breath test.  Officer Egdorf read
appellant the statutory warnings contained on the DIC-24 Form, which explains
the consequences of refusing to provide a breath specimen, or taking the breath
test and failing it.  A copy of the DIC-24 Form was entered into evidence at
trial over appellant’s objection.  Appellant did not consent to or refuse the
breath test; instead she threw the DIC-24 Form onto the ground.  Officer Egdorf
then conducted field sobriety tests on appellant, which were captured on videotape. 


            Appellant was charged with the offense of driving
while intoxicated.  The information charging appellant with the offense defined
intoxication as follows:

“namely not having the normal use of h[er] mental and
physical faculties by reason of the introduction of ALCOHOL into h[er] body”
(emphasis added) 

A jury found appellant guilty of the charged offense and the
trial court assessed punishment at six days’ confinement in the county jail and
imposed a $600.00 fine.  Appellant timely filed this appeal.  

 

Discussion

I.         Jury Charge

            Appellant contends the trial court erred
by overruling her objection to the jury charge.  The jury charge defined
intoxication as follows:

“not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into the body” (emphasis
added)

Appellant argues the charge was in error because it charged
jurors on the definition of intoxication in the disjunctive (mental or physical
faculties) while the information defined intoxication in the conjunctive (mental
and physical faculties).  Appellant objected to the charge and requested
that the trial court replace the “or” in the charge with “and.”

            It is well settled law that the jury properly may
be charged in the disjunctive while the indictment, or information, may be
alleged in the conjunctive.  See Martinez v. State, 129 S.W.3d 101, 103
(Tex. Crim. App. 2004).  For example, courts have upheld challenges to a jury
charge where an indictment alleges the offense was committed with the culpable
mental states of “intentionally and knowingly” and the court charged the jury
to find the defendant guilty if he acted “intentionally or knowingly.”  Zanghetti
v. State, 618 S.W.2d 383, 387–88 (Tex. Crim. App. 1981).   Furthermore, the
loss of physical versus mental ability is not a separate element of the
offense.  Bradford v. State, 230 S.W.3d 719, 723 (Tex. App.—Houston
[14th Dist.] 2007, no pet.).  Therefore, whether loss of both faculties or just
one has been proven does not affect whether the offense itself has been
committed.  See Zanghetti, 618 S.W.2d at 387 (quoting 1 Branch’s Ann.
P.C., 2nd Ed. Sec. 523).  Accordingly, we hold the trial court did not err in
refusing appellant’s requested instruction.  Appellant’s first issue is
overruled.    

II.        DIC-24 Form

            Appellant contends the trial court erred
in overruling appellant’s objection to the admission of the DIC-24 Form.  At
trial, appellant objected to the Form on the basis it contained “extraneous
matters from the civil side.”  On appeal, appellant contends the trial court
erred in admitting this evidence because it contains extraneous matters from
the civil side and contains hearsay.  

            A.        Standard of Review

            An appellate court reviews a trial court’s
decision to admit or exclude evidence under an abuse of discretion standard.  Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  An abuse of
discretion will be found only when the trial judge’s decision was so clearly
wrong as to lie outside the zone of reasonable disagreement.  Cantu v. State,
842 S.W.2d 667, 682 (Tex. Crim. App. 1992).  

            B.        Analysis

            As to appellant’s objection to the DIC-24
Form on the basis of hearsay, we hold appellant failed to preserve this issue
for review on appeal.  See Martinez v. State, 22 S.W.3d 504, 507 (Tex.
Crim. App. 2000).  To preserve a complaint for appellate review, a party must
make timely, specific objections in the trial court.  Tex. R. App. P. 33.1. 
The point of error on appeal must correspond to the objection made at trial.  Turner
v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).  Where an objection
does not comport with the complaint on appeal, the appellant does not preserve
any error.  Barley v. State, 906 S.W.2d 27, 37 (Tex. Crim. App. 1995).  Appellant
objected to the DIC-24 Form on the basis that it contained extraneous
material.  Appellant did not object on the basis of hearsay.  Accordingly,
appellant has not preserved a hearsay objection on appeal.  See id.  

            We will construe appellant’s objection that the
DIC-24 Form contains extraneous matters as an objection to the DIC-24 Form’s
relevancy.[1] 
Relevant evidence is evidence having any tendency to make the existence of any
consequential fact more or less probable than it would be without the
evidence.  Layton v. State, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). 
In order to be relevant, there must be a direct or logical connection between
the actual evidence and the proposition sought to be proved.  Id.  

            A person’s refusal of a request by an officer to
submit to the taking of a specimen of breath may be introduced into evidence at
the person’s trial.  Tex. Transp. Code Ann. § 724.061 (Vernon 1999).  Before
requesting that a person submit to the taking of a specimen, however, the
officer must provide the person with certain information orally and in writing,
including that the refusal may be admissible in a subsequent prosecution.  Tex.
Transp. Code Ann. § 724.015 (Vernon Supp. 2008).  The DIC-24 Form contains the
information the statute requires to be given in writing.  We hold the DIC-24
Form is relevant to prove appellant refused to submit to the taking of a
specimen of breath and was provided with the required information before her
specimen was requested.  Accordingly, the trial court did not err in admitting
the DIC-24 Form.  Appellant’s second issue is overruled.    

Conclusion

            Having overruled both of appellant’s issues, we
affirm the judgment of the trial court.  

 

 

                                                                                                                                                                        

                                                                        /s/        Justice
John S. Anderson

 

 

 

Panel consists of Chief
Justice Adele Hedges, and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1] In her brief appellant
argues the DIC-24 Form contains extraneous matters not relevant to the trial on
guilt or innocence.