Affirmed and Memorandum Opinion
filed June 2, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00343-CR



Valerie
Thompson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Court at Law No 1

Fort Bend County, Texas

Trial Court
Cause No. 139137



 

MEMORANDUM OPINION 

In eleven issues, appellant Valerie Renee Thompson
challenges her conviction for driving while intoxicated on the grounds that the
trial court erred (1) in charging the jury; (2) by denying her motion to
suppress evidence; (3) by admitting evidence of a field-sobriety test; and (4)
by failing to strike the testimony of a police officer who did not honor a
subpoena.  We affirm.

BACKGROUND

During the evening of August 2008, appellant was
stopped for speeding by Missouri City Police Officer William Vogt.[1]  When
Officer Vogt approached appellant’s vehicle, he smelled a strong odor of
alcohol.  Appellant admitted that she had had a few drinks “an hour or two”
before being stopped by Vogt.  He asked her to exit the vehicle and
administered field-sobriety tests consisting of the horizontal-gaze nystagmus
(“HGN”) test, the walk-and-turn test, and the one-leg stand test.  During the
HGN test, Vogt observed four of six clues indicating intoxication.  He observed
four of eight clues indicating intoxication when he administered the
walk-and-turn test to appellant.  When he administered the one-leg stand test,
he observed two of four clues indicating intoxication.  Because he initially
administered the HGN test with appellant facing oncoming traffic, on the
suggestion of his supervisor, he re-administered the test with appellant facing
away from traffic.  He observed the same clues upon re-administration of the
test.  Additionally, Vogt smelled a strong odor of alcohol emanating from
appellant.  He arrested appellant for driving while intoxicated. 

After placing appellant in the back of his patrol
vehicle, officers searched her vehicle and found a paper cup filled to the top
with what appeared to be beer and an opened, cold can of beer in the center
console.  The top of the cup had been crushed by having the lid of the console
closed on it, which caused the beer to spill into the console tray.  An officer
discovered a bottle of warm beer lying on the front passenger floorboard inside
a plastic grocery bag.  When Vogt read her the statutory warnings and requested
that she provide a breath sample, appellant refused to do so.  She signed the
statutory warning form.  Vogt then transported appellant to the Missouri City
jail for paperwork before taking her to the Fort Bend County jail.  

At appellant’s trial, Vogt testified as recited
above.  Additionally, the trial court admitted the videotape from Officer
Vogt’s patrol vehicle, which recorded the entire encounter with appellant
beginning with his pursuit of her vehicle for speeding until he transported her
to the Missouri City jail.  

As is relevant to this appeal, during the charge
conference, appellant’s counsel objected to the charge on grounds that it:

·       
included in the definition of intoxication having an alcohol
concentration of 0.08 or more (the “per se definition of intoxication”);

·       
instructed the jury that the State is not required to prove the
exact date alleged in the information;

·       
failed to instruct the jury that the defendant has a
constitutional right to remain silent;

·       
failed to include in the charge language that the defendant is
presumed innocent;

·       
included the following language in the charge:  “It is not
required that the prosecution prove guilt beyond all possible doubt.  It is
required that the prosecution’s proof exclude all reasonable doubt concerning
the Defendant’s guilt.”; and

·       
Failed to include separate verdict forms finding the defendant
guilty of driving while intoxicated (a) by not having the normal use of her mental
faculties because of alcohol and (b) by not having the normal use of her physical
faculties because of alcohol.

These objections were
overruled.  The trial court charged the jury and included verdict forms
permitting the jury to find appellant “not guilty” or “guilty” as charged in
the information.  The jury returned a verdict of “guilty.”

The State and appellant reached an agreement on
punishment, and the trial court entered appellant’s sentence accordingly. 
After appellant’s motion for new trial was overruled, this appeal timely
followed.

ANALYSIS

A.        Alleged
Jury-Charge Errors

In issues one through seven and eleven, appellant
challenges various portions of the jury charge.  A claim of jury-charge error
is governed by the procedures set forth in Almanza v. State.  686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (en banc) (op. on reh’g).  We must first
determine whether the trial court erred in its submission of the charge.  Barrios
v. State, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).  If error exists and,
as here, appellant properly objected at trial, reversal is required if “some
harm” resulted, i.e., if the error was “calculated to injure the rights
of the defendant.”  Id. (quoting Almanza, 686 S.W.2d at 171).  

In her first issue, appellant asserts that the trial
court erred by instructing the jury, “It is not required that the prosecution
prove guilt beyond all possible doubt; it is required that the prosecution’s
proof excludes all ‘reasonable doubt’ concerning the defendant’s guilt.”  The
Texas Court of Criminal Appeals has determined repeatedly that including this
exact instruction in a jury charge is not an abuse of discretion.  Mays v.
State, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010); Woods v. State,
152 S.W.3d 105, 115 (Tex. Crim. App. 2004) (en banc).  Accordingly, we overrule
appellant’s first issue.

In her second issue, appellant argues that the trial
court erred “in denying objections to the jury charge when the court overruled
the objection to the charge where the court charged in the application
paragraph that you could be intoxicated with an alcohol concentration of .08.” 
She objects to inclusion of this instruction because this definition of
intoxication was not included in the charging instrument.  This instruction did
not appear in the application paragraph, however.  It was incorporated only in
the abstract section of the jury charge:

A person commits an offense if the person is intoxicated
while operating a motor vehicle in a public place. 

“Intoxicated” means not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body, or having an alcohol
concentration of 0.08 or more. 

“Alcohol concentration” means the number of grams of
alcohol per 210 liters of breath, 100 milliliters of blood, or 67 milliliters
of urine.

The application paragraph did
not include the per se definition of intoxication:

Now, bearing in mind the foregoing instructions, if you
find from the evidence beyond a reasonable doubt that on or about August 13,
2008, in Fort Bend County, Texas, the defendant, VALERIE RENEE THOMPSON, did
then and there, while intoxicated, namely not having the normal use of her
mental or physical faculties by reason of the introduction of alcohol into her
body, drive and operate a motor vehicle in a public place, then you will find
the defendant guilty as of the offense of driving while intoxicated as charged
in the information.

Because the application paragraph properly limited
the jury’s consideration of the law to the offense as charged, we see no harm
caused by the inclusion of this instruction.  See Erickson v. State, 13
S.W.3d 850, 852 (Tex. App.—Austin 2000, pet ref’d).  The State acknowledged
that there was no evidence of the level of alcohol concentration in appellant’s
body.  Further, the State closed by reminding the jury of the definition of
intoxication applicable to this case:  “I want to go back to the definition of
Intoxication. You can’t be a little intoxicated. You either are intoxicated or
you’re not; and the loss of your mental or physical faculties makes you such,
makes you intoxicated.”  Cf. Lambert v. State, No. 12-04-00268-CR, 2006
WL 475422, at *4–5 (Tex. App.—Tyler Feb. 28, 2006, pet. ref’d) (mem. op., not
designated for publication) (concluding that error in including per se
definition of intoxication in jury definitions was harmless because nothing in
prosecutor’s argument suggested jury could convict appellant based on his
alcohol concentration).  Because any error the trial court made in including
the per se definition of intoxication was not calculated to and did not injure
the rights of appellant, we overrule appellant’s second issue.

In her third, sixth, and seventh issues,[2] appellant
contends the trial court erred by overruling her objection to the charge
because the charge failed to instruct the jury that she, specifically, is presumed
innocent.[3] 
Appellant sought to have the following language included in the charge:

The defendant is presumed innocent of the charge.  All
persons are presumed to be innocent, and no person may be convicted of an
offense unless each element of the offense is proved beyond a reasonable
doubt.  The law does not require a defendant to prove his innocence or produce
any evidence at all.  Unless the jurors are satisfied beyond a reasonable doubt
of the defendant’s guilt after careful and impartial consideration of all the
evidence in the case, the presumption of innocence alone is sufficient to
acquit the defendant.

. . .

The burden of proof throughout the trial is always on the
state, the defendant does not have the burden to prove anything.  The state
must prove every element of the offense beyond a reasonable doubt to establish
guilt of the offense.  If the state proves every element of the offense beyond
a reasonable doubt, then you must find the defendant guilty.  If the state does
not prove every element of the offense beyond a reasonable doubt, then you must
find the defendant not guilty.  If, after you have considered all the evidence and
these instructions, you have a reasonable doubt about whether the defendant is
guilty, you must find the defendant not guilty.

The trial court’s charge to
the jury provides as follows:

All persons are presumed to be innocent and no person may
be convicted of an offense unless each element of the offense is proved beyond
a reasonable doubt.  The fact that a person has been arrested, confined, or
indicted for, or otherwise charged with the offense gives rise to no inference
of guilt at his trial.  The law does not require a defendant to prove her
innocence or produce any evidence at all.  The presumption of innocence alone
is sufficient to acquit the defendant, unless the jurors are satisfied beyond a
reasonable doubt of the defendant’s guilt after careful and impartial
consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty
and it must do so by proving each and every element of the offense charged
beyond a reasonable doubt, and if it fails to do so, you must find the
defendant not guilty.  It is not required that the prosecution proves guilt
beyond all possible doubt; it is required that the prosecution’s proof excludes
all “reasonable doubt” concerning the defendant’s guilt.

We conclude that this portion
of the trial court’s charge sufficiently informed the jury that appellant
should be presumed innocent.  It also adequately established the proper burden
of proof.  In fact, it is substantially similar to the charge requested by
appellant.  We overrule appellant’s third, sixth, and seventh issues.

            Appellant asserts
in issue four that the trial court erred in including in the jury charge an
instruction on the statute of limitations.  However, appellant cites no
authority in her argument in support of this assertion.  This issue has not
been properly briefed and thus presents nothing for our review.  See Tex.
R. App. P. 38.1(i) (“The brief must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the
record.”).  Accordingly, we overrule her fourth issue.

In issue five, appellant complains that the trial
court erred in denying her request to charge the jury that she has a
constitutional right to remain silent.  As is relevant to this issue, the trial
court instructed the jury as follows:

Our law provides that a defendant may testify in her own
behalf if she elects to do so.  This, however, is a privilege accorded a
defendant, and in the event she elects not to testify, that fact cannot be
taken as a circumstance against her.  In this case, the defendant has elected
not to testify, and you are instructed that you cannot and must not refer or
allude to that fact throughout your deliberations or take it into consideration
for any purpose whatsoever as a circumstance against the defendant.

If any juror starts to mention the defendant’s election not
to testify in this case, then it is the duty of the other jurors to stop him at
once. 

Rather than citing any law to
support her contention,[4]
appellant relies on the Texas Criminal Pattern Jury Charges of the State Bar of
Texas:  

We have been using McClung Jury charges for criminal
Practice for years.  Was it ever based on a study such as the Texas Criminal
Pattern Jury Charges of the State Bar of Texas (page 35).  The answer is no. 
It is time the courts of Texas approve these charges as they are based on a
committee of volunteers of the State Bar of Texas.

Again, because appellant has
not cited any authority, this issue has not been adequately briefed.  See Tex.
R. App. P. 38.1(i).  We overrule her fifth issue.

            In appellant’s
eleventh issue, she asserts that the trial court erred by failing to provide
two separate verdicts:  one asking the jury if it found appellant guilty of
driving while intoxicated by loss of normal mental faculties and another asking
the jury if it found appellant guilty by loss of normal physical faculties. 
The apparent gravamen of appellant’s complaint is that a unified verdict form
could lead to lack of jury uniformity on the issue of manifestation of
intoxication.  This court has previously held that jury unanimity is not
required on the issue of whether a defendant has lost the normal use of mental
or physical faculties.  See Bradford v. State, 230 S.W.3d 719, 723 (Tex.
App.—Houston [14th Dist.] 2007, no pet.).  Because jury unanimity is not
required on this issue, the trial court did not err in rejecting appellant’s
requested verdict forms.  See id. at 722–23.  We overrule appellant’s
eleventh issue.

B.        Motion
to Suppress Evidence

            In issue eight,
appellant asserts that the trial court erred in overruling her motion to
suppress evidence because the State failed to offer any evidence in support of
its contention that Officer Vogt had probable cause to stop and arrest
appellant.  This argument, however, is belied by the record.  The record
reflects that the trial court took the motion to suppress with the trial and
that appellant agreed to this procedure:

The Court:  Motion to Suppress?

[Appellant]:  The[] arrest as to probable cause.  I guess
we can do that later.

The Court:  We’ll carry that with the trial.

. . .

[Appellant]:  Then we’re going - - before we get it,
anything after the arrest, we need to show probable cause.  We need a Motion to
Suppress Hearing outside the presence of the jury.

The Court:  All right.  Just let me know when you’re ready
for it[.]

. . .

[Appellant]:  Judge, I’m not sure that we can get - - I
need a hearing outside the presence of the jury.  I don’t have a problem with
it going to everything to cross-examination if she wants to.

. . .

[Appellant]:  [B]ut we can go on and put on all the
testimony they want up to the time when they - - they say you arrested her.  At
that point we have to have a motion to suppress.  She can put on all the
testimony of that witness - -

The Court:  That’s just what I suggested you do.

[The State]:  Thank you, Your Honor.

The Court:  That way once you put the evidence on, we can
have arguments.  We don’t have to have any more testimony probably.  

We review a trial court’s suppression ruling under an
abuse-of-discretion standard.  Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996) (en banc).  At a suppression hearing, the trial judge is
the sole fact-finder.  Arnold v. State, 873 S.W.2d 27, 34 (Tex. Crim.
App. 1993).  We give almost total deference to the trial court’s determination
of historical facts when supported by the record, particularly if the findings
turn on witness credibility and demeanor.  See State v. Ross, 32 S.W.3d
853, 855–56 (Tex. Crim. App. 2000) (en banc); Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000).  The same deference is accorded to
determinations of mixed questions of law and fact if their resolution depends
upon witness credibility and demeanor.  Ross, 32 S.W.3d at 856.  Issues
that present purely legal questions are considered under a de novo standard.  Id.

When, as here, the trial court declines to file
findings of fact, we view the evidence in the light most favorable to the trial
court’s ruling and assume that the trial court made implicit findings of fact
supporting its rulings, as long as those findings are supported by the record. Id.
at 855; Carmouche, 10 S.W.3d at 327–28.  In determining whether a trial
court’s decision is supported by the record, we generally consider only
evidence adduced at the suppression hearing because the ruling was based on it
rather than evidence introduced later.  See Rachal v. State, 917
S.W.2d 799, 809 (Tex. Crim. App. 1996) (en banc).  However, where, as here, a
motion to suppress is taken with the trial, we may consider the evidence
adduced before and during the suppression hearing as relevant to the trial court’s
decision to deny the motion.  Saldivar v. State, 209 S.W.3d 275, 281
(Tex. App.—Fort Worth 2006, no pet.).  

A warrantless arrest for an offense committed in an
officer’s presence is reasonable if he has probable cause.  Amador v. State,
275 S.W.3d 872, 878 (Tex. Crim. App. 2009).  Probable cause exists when a
police officer has reasonably trustworthy information sufficient to warrant a
reasonable person’s belief that a suspect has committed or is committing an
offense.  McGee v. State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003).  

At trial, Officer Vogt testified that he pulled
appellant over because she was speeding.  His detection of a strong odor of
alcohol emanating from appellant’s vehicle caused him to conduct field-sobriety
testing.  Vogt explained the clues he observed during his field-sobriety
testing, and the State stopped his testimony before he stated that he arrested
appellant.  The trial court dismissed the jury, and the State presented
argument regarding the probable cause Vogt had to conduct the initial traffic
stop and developed during the stop to arrest appellant.  The trial court then
offered appellant’s counsel the opportunity to cross-examine Officer Vogt. 
Counsel declined to cross-examine the officer and rested.  

At trial, appellant’s counsel argued that because
Vogt’s testimony had not been offered on the motion to suppress, the State had
no evidence of probable cause.  This position is directly contradicted by
established case law: when a motion to suppress is taken with trial, evidence
adduced before and during the suppression hearing is relevant to the trial
court’s ruling on the motion.  Saldivar, 209 S.W.3d at 281.  The
trial court properly considered the entirety of Vogt’s testimony in ruling on
the motion to suppress.

Considering the evidence adduced by the State
regarding the reason that Officer Vogt initiated the traffic stop, the
observations he made subsequent to the stop that led him to conduct
field-sobriety testing on appellant, and the results he reported concerning
appellant’s performance on the field-sobriety testing, the State established
that Vogt had probable cause to arrest appellant for the offense of DWI.  See
Amador, 275 S.W.3d at 878–79. (concluding that officer who initially
stopped appellant for speeding developed probable cause to arrest appellant for
DWI during traffic stop based on observations made during traffic stop and
field-sobriety testing).  Accordingly, we overrule appellant’s eighth issue.

C.        Testimony
of Officer Vogt

In her ninth issue, appellant complains that the
trial court erred in allowing Officer Vogt to testify regarding the HGN test he
performed on appellant because he was not certified to do the field sobriety
tests.  In her tenth issue, appellant asserts that the trial court erred in
overruling her motion to strike Vogt’s testimony because he failed to honor a
subpoena served upon him.

1.         Certification for Performance of HGN

In Emerson v. State, the Court of Criminal
Appeals held that because of the scientific nature of the HGN test, a
testifying officer must be qualified as an expert in both the administration
and technique of the test.  880 S.W.2d 759, 769 (Tex. Crim. App. 1994) (en
banc).  To qualify as an expert on the administration of the HGN test, a police
officer has to show only that he has received “practitioner certification” by
the State of Texas.  Id.  Before trial, Officer Vogt testified that he
received a certification to administer the standardized field sobriety tests,
which includes the HGN test, through a program at Texas A & M University,
which he described as a “practitioner certification” course.  He produced
certificates from “Sam Houston Impaired Driving Program,” “Missouri City
Department Field sobriety Tests Update 7-7-08,” and Texas A & M
University.  

During trial, Vogt testified that in 2003, he was
certified as a standardized field-sobriety test practitioner.  He elaborated on
his initial training as follows:  

Going through the practitioner’s course and the initial
course that I went through, it’s a, I believe, 24-hour class.  It starts off
with a day’s worth of instruction and then two days worth of case study where
essentially you’re testing a lot of people that had been consuming alcohol and
you have to pick accurately those who had been consuming and those who were not
intoxicated.

Additionally, he testified
that he had had a refresher course in 2008, only a month before the offense in
this case occurred.  

Vogt’s testimony establishes that he was a certified
practitioner.  We conclude that the trial court did not abuse its discretion in
permitting Vogt to testify regarding the results of the HGN test.  See id. 
We overrule appellant’s ninth issue.

2.         Failure
to Strike Vogt’s Testimony

Before trial, the trial court conducted a hearing to
determine whether Officer Vogt had brought the papers and documents appellant
had subpoenaed.  These documents included many of the training manuals for the
various DWI certification courses Vogt had attended over the course of his
career.  Vogt testified that he brought what he was able to obtain.  He
explained that he was unable to find several of the items requested in the
subpoena, even though he had searched through his storage space and his
residence.  He explained that he had received many of the materials requested
when working for another agency and had had a break in service.  Because Vogt
had not brought many of the items subject to the subpoena, appellant sought to
prevent his testimony entirely because she would be unable to “effectively
cross-examine him.”  The record reflects that appellant’s counsel already had
many of the items that he asked Vogt to bring with him.  The trial court denied
appellant’s motion to exclude his testimony, but stated that appellant could
cross-examine Vogt using the materials that her counsel had.

During trial, appellant’s counsel cross-examined Vogt
regarding the materials he failed to bring with him to trial.  Counsel
impeached Vogt’s qualifications based on the materials he possessed.  After
Vogt testified, appellant did not re-urge her motion to strike his testimony on
the basis of failure to comply with the subpoena.[5]  Under
these circumstances, we cannot say the trial court abused its discretion in
denying appellant’s pre-trial motion to strike Vogt’s testimony.  We overrule appellant’s
tenth issue.

CONCLUSION

We have overruled each
of appellant’s eleven issues.  Accordingly, we affirm the trial court’s
judgment.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Officer Vogt’s name is misspelled in the reporter’s record as “Voigt.”  





[2] These three
issues appear to be substantially the same, so we address them together.  In
issue three, appellant asserts:

Did
the trial court err[] in denying objections to the jury charge when the court
overruled the objection to the charge.  The objection to the charge was that
the charge fails to charge the jury that Valarie [sic] Thompson is presumed
Innocent of the charge. Further it refers to a defendant, when it should refer
to Valarie [sic] Thompson.  It does not apply the law to the facts.

In issue six, appellant
contends:

Did
the trial court err[] in denying objections to the jury charge when the court
overruled the objection to the charge on page (CR. Page 29).  The charge fails
to charge the jury that Valarie [sic] Thompson is presumed Innocent of the
charge. Further it refers to a defendant, when it should refer to Valarie [sic]
Thompson.  It does not apply the law to the facts. 

Finally, in issue seven,
appellant argues:

Did
the trial court err[] in denying objections to the jury charge when the court
overruled the objection to the charge (Volume 1 CR page 29) regarding the
burden of proof.  The charge fails to charge the jury on the correct charge as
to the burden of proof, in that Valarie [sic] Thompson is presumed Innocent of
the charge.  Further it refers to a defendant, when it should refer to Valarie [sic]
Thompson.  It failed to charge the jury regarding the burden of proof as
suggested by Texas Criminal Pattern Jury Charges.

We additionally note that,
as in issues four and five, discussed infra, appellant fails to cite any
authority in support of issues six and seven.  See Tex. R. App. P.
38.1(i) (requiring an appellant to make a “clear and concise argument for the
contentions made, with appropriate citations to authorities and to the
record” (emphasis added)).  Because these issues are inadequately briefed, they
present nothing for our review.





[3]
Appellant’s proposed jury charge does not include appellants name; instead, it
refers to “the defendant.”





[4]
Appellant quotes Walker v. State, 823 S.W.2d 247, 252 (Tex. Crim. App.
1992) (en banc) (per curiam) (Clinton, J., concurring), in this section of her
brief.  This quotation has nothing whatsoever to do with the issue she has
raised in this section of her brief; instead, the quoted language from this
concurring opinion refers to concurring and dissenting opinions in cases
involving charging the jury on the law of parties.  See id.  





[5]
Instead, appellant sought to have his testimony stricken from the record
because he was not certified by the “National Highway Traffic Safety
Association” in conducting field-sobriety testing.